(Reap. Dec. 10192)

HERBERT B. MOLLER *v*. UNITED STATES

Entry No. J–644, etc.

(Decided March 6, 1962)

*Sharp & Bogan* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedules "A" and "B," attached hereto and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General, Attorney for the United States:

1. That the merchandise covered by the appeals for reappraisement enumerated in Schedule A and Schedule B, attached, consists of certain plywood manufactured by the Bruynzeel Fineerfabriek N.V. in Holland and is described on the invoices applicable to each entry as "Occume Marine Plywood (or Boat Plywood) ; sanded two sides; tropical-water and boil-proof; AA quality" in thicknesses of 7, 8, 9, 10, 12, and 18 millimeters, and that all entries covered by these appeals occurred prior to February 27, 1958;

2. That at the time of exportation of this merchandise, such or similar merchandise was not being freely offered for sale for home consumption in Holland within the meaning of Section 402(c) of the Tariff Act of 1930, as amended by the Customs Administration Act of 1938, or for exportation to the United States within the meaning of Section 402(d) of that Act, nor was such or similar imported merchandise freely offered for sale in the United States within the meaning of Section 402(e) of that Act;

3. That the cost of production as defined in Section 402(f) of the Tariff Act of 1930, as amended by the Customs Administration Act of 1938, is the proper basis for determining the value for appraisement of this merchandise, and that with respect to the reappraisements enumerated in Schedule A attached such value is the invoice unit price, net, packed; and further that with respect to the reappraisements enumerated in Schedule B attached such value is the invoice unit price less non-dutiable charges for inland freight, ocean freight, and insurance;

4. That the merchandise described in Paragraph One, above, is the same in all material respects as the merchandise passed upon in the case of *J. Gerber & Co., Inc., et al.* v. *United States*, Reappraisement Decision No. 9898 (January 10, 1961), and that the record in that case is incorporated herein;

5. That as to all other merchandise covered by the invoices pertaining to these appeals for reappraisement, Plaintiff hereby abandons its appeal; and that

these appeals for reappraisement are deemed submitted upon the foregoing stipulations.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis of appraisement for the merchandise in question, as hereinabove identified, is cost of production, as defined in section 402(f) of the Tariff Act of 1930, and hold that such statutory value for the merchandise covered by the invoices with the entries involved in the appeals enumerated in said schedule "A" is the invoice unit prices, net, packed, and that such statutory value for the merchandise covered by the invoices with the entries involved in the appeals enumerated in said schedule "B" is the invoice unit prices, less nondutiable charges for inland freight, ocean freight, and insurance.

The appeals for reappraisement, having been abandoned as to all other merchandise not heretofore identified, are dismissed to that extent.

Judgment will be rendered accordingly.